# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No.   26-cr-00130-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MICHAEL POPMA,

      Defendant.

---

## INDICTMENT
**Count 1**, 18 U.S.C. § 371
**Count 2**, 18 U.S.C. § 201(b)(2)(C)
**Count 3**, 18 U.S.C. § 1791
**Count 4**, 18 U.S.C. § 2511

---

The Grand Jury charges:

## General Allegations

At all times material to this Indictment:

1.      The Federal Correctional Complex, Florence (FCC-Florence) was a United States correctional complex composed of four correctional facilities located in Florence, Colorado and run by the Federal Bureau of Prisons (BOP).  FCC-Florence includes the Federal Correctional Institution – Florence (FCI-Florence), which was a medium security facility that oversees the security and administration of the included Federal Prison Camp – Florence (FPC-Florence), a low-security facility.

2.    FPC-Florence was a Federal correctional, detention, or penal facility or any prison, institution, or facility in which persons are held in custody by direction of the Attorney General.

3.    BOP policies and procedures, including "Standards of Employee Conduct," prohibited the introduction or attempted introduction of contraband into or upon the grounds of any Federal correctional institution without the Warden's knowledge and consent.  Contraband includes illegal drugs, controlled substances or alcoholic beverages, and cellular telephones.  These policies and procedures also prohibited employees from accepting any gift, article, favor, or personal service from an inmate or any member of their family.

4.    The defendant, MICHAEL POPMA, was employed as a BOP Special Investigative Service (SIS) Lieutenant assigned to FCC-Florence.  POPMA was responsible for supervising all FCI-Florence SIS staff members and overseeing the investigation, mitigation, and elimination of illicit BOP inmate activities.  By virtue of his position and responsibilities at FCI-Florence, POPMA was a public official in a high-level decision-making and sensitive role.  POPMA used his position to act in violation of his lawful duty by conspiring to smuggle contraband into FPC-Florence in exchange for payments from inmates and their associates.

5.    INMATE 1 was an inmate housed at FPC-Florence.

6.    FAMILY MEMBER 1 was a family member of INMATE 1.

2

## Count 1
CONSPIRACY, 18 U.S.C. § 371

7.       Beginning on or about September 2024, through on or about November 26, 2024, in the District of Colorado and elsewhere, the defendant, MICHAEL POPMA, along with INMATE 1 and FAMILY MEMBER 1, did knowingly and voluntarily agree with each other and others known and unknown to the Grand Jury to commit the following offenses against the United States:

   a. To engage in bribery, that is, for a public official to directly and indirectly, corruptly demand, seek, receive, and accept, and agree to receive and accept anything of value personally in return for being induced to do and omit to do any act in violation of the official duty of the public official, in violation of Title 18, United States Code, Section 201(b)(2)(C); and,

   b. To provide prohibited objects to inmates of a federal prison, that is, to knowingly provide and attempt to provide inmates in a federal prison, that is FPC-Florence, prohibited objects as defined in Title 18, United States Code, Sections 1791(d)(1)(D), (d)(1)(F), and (d)(1)(G), in violation of Title 18, United States Code, Section 1791(a)(1).

**Manner and Means**

8.       The manner and means of the conspiracy included, but were not limited to, the following:

   a. POPMA, in exchange for payment, used his position as a public official to take official action and act in violation of his official duties by

3

assisting with smuggling contraband into FCP-Florence for inmates housed in FCP-Florence

b.  POPMA coordinated with INMATE 1 and FAMILY MEMBER 1 to plan and assist with the introduction of contraband—which included, among other things, cellular telephones, electronic nicotine vaporizers, and alcohol—into FPC-Florence to be provided to inmates.

c.  In exchange for his assistance with the introduction of contraband into FPC-Florence, POPMA received payments from inmates and/or their associates including cash and bottles of alcohol.  Specifically, FAMILY MEMBER 1 understood that these bribes were compensation for POPMA's assistance in allowing and coordinating contraband introductions into FPC-Florence and for assisting with INMATE 1's early release from FPC-Florence.

**Overt Acts**

9.      In furtherance of the conspiracy, and to accomplish its purpose, one or more members of the conspiracy committed and caused to be committed the following overt acts in the District of Colorado:

a.  On or about September 12, 2024, FAMILY MEMBER 1 successfully delivered contraband to FPC-Florence at the direction of INMATE 1 with logistical assistance from POPMA.

b.  On or about September 12, 2024, FAMILY MEMBER 1 placed a backpack with approximately $2,000 in a drop location near FPC-

4

Florence for POPMA to retrieve.  POPMA confirmed receipt of this payment.

c.  On or about September 19, 2024, FAMILY MEMBER 1 successfully delivered contraband to FPC-Florence at the direction of INMATE 1 with logistical assistance from POPMA.

d.  On or about September 19, 2024, FAMILY MEMBER 1 met with POPMA and paid him between approximately $2,000-$3,000.

e.  On or about October 1, 2024, FAMILY MEMBER 1 successfully delivered contraband to FPC-Florence at the direction of INMATE 1 with logistical assistance from POPMA.

f.  On or about October 1, 2024, FAMILY MEMBER 1 met with POPMA and paid him between approximately $2,000-$3,000.

g.  On or about October 10, 2024, FAMILY MEMBER 1 successfully delivered contraband to FPC-Florence at the direction of INMATE 1 with logistical assistance from POPMA.

h.  On or about October 10, 2024, FAMILY MEMBER 1 met with POPMA and paid him between approximately $2,000-$3,000.

i.  On or about November 2, 2024, FAMILY MEMBER 1 successfully delivered contraband to FPC-Florence at the direction of INMATE 1 with logistical assistance from POPMA.  The contraband introduced on this occasion was eventually seized by FPC-Florence staff after being retrieved inside FPC-Florence.

j.  On or about November 2, 2024, FAMILY MEMBER 1 met with POPMA and paid him between approximately $2,000-$3,000.

k.  On or about December 13, 2024, POPMA met with FAMILY MEMBER 1 and accepted approximately $3,000 in confidential funds provided to FAMILY MEMBER 1 from federal law enforcement. In exchange for this payment, POPMA also provided a duffle bag to FAMILY MEMBER 1 that contained contraband previously seized within FCC-Florence.

l.  Between on or about September 12, 2024, through on or about December 13, 2024, POPMA accepted a total of approximately $15,500 and approximately 6 bottles of alcohol from FAMILY MEMBER 1.

m.  Between on or about September 12, 2024, through on or about December 13, 2024, with POPMA's assistance and in violation of his official duties, approximately 123 cellular telephones, 415 electronic nicotine vaporizers, and 274 bottles of alcohol were introduced into FPC-Florence as part of the scheme.

All in violation of Title 18, United States Code, Section 371.

## Count 2
BRIBERY, 18 U.S.C. § 201

10.  Paragraphs 1 through 9 are re-alleged and incorporated herein by reference.

11.  Between on or about September 12, 2024, through on or about December 13, 2024, in the District of Colorado and elsewhere, the defendant, MICHAEL POPMA,

being a public official, did directly and indirectly, corruptly demand, seek, receive, accept, and agree to receive and accept personally anything of value personally, in return for being induced to do and omit to do acts in violation of his official duties, that is, to assist with the introduction of prohibited objects and contraband into FPC-Florence in exchange for cash payments and other things of value.

In violation of Title 18, United States Code, Section 201(b)(2)(C).

### Count 3
### PROVIDING CONTRABAND IN PRISON, 18 U.S.C. § 1791

12.    Paragraphs 1 through 9 are re-alleged and incorporated herein by reference.

13.    Between on or about September 12, 2024, through on or about November 2, 2024, in the District of Colorado and elsewhere, the defendant, MICHAEL POPMA, in violation of statutes, rules, and orders of FPC-Florence, provided and attempted to provide prohibited objects, to wit, cellular telephones, alcohol, and other objects that threaten the order, discipline, and security of a prison, to INMATE 1, an inmate of FPC-Florence, through FAMILY MEMBER 1.

In violation of Title 18, United States Code, Sections 1791(a)(1) and 1791(b)(4).

### Count 4
### UNLAWFUL INTERCEPTION OF ORAL COMMUNICATION, 18 U.S.C. § 2511

14.    Paragraphs 1 through 6 and 9 are re-alleged and incorporated herein by reference.

7

15.     On or about December 13, 2024, within the District of Colorado and elsewhere, the defendant, MICHAEL POPMA, intentionally intercepted an oral communication.

In violation of Title 18, United States Code, Section 2511(1)(a).

### Forfeiture Allegation

16.     The allegations contained in Counts 1, 2, and 4 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C), 2513 and Title 28, United States Code, Section 2461(c).

17.     Upon conviction of the violations alleged in Counts 1 and 2 of this Indictment involving the commission of violations of Title 18, United States Code, Sections 371 and 201, defendant MICHAEL POPMA, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all of the defendant's right, title and interest in all property constituting and derived from any proceeds the defendant obtained directly and indirectly as a result of such offense, including, but not limited to: a money judgment in the amount of proceeds obtained by the defendant.

18.     Upon conviction of the violations alleged in Counts 4 of this Indictment involving the commission of violation of Title 18, United States Code, Section 2511, defendant MICHAEL POPMA, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 2513, and Title 28, United States Code, Section 2461(c)

8

any and all of the defendant's right, title and interest in any electronic, mechanical, or other device used in violation of Count 4.

19.    If any of the property described above, as a result of any act or omission of the defendant:

a)    cannot be located upon the exercise of due diligence;
b)    has been transferred or sold to, or deposited with, a third party;
c)    has been placed beyond the jurisdiction of the Court;
d)    has been substantially diminished in value; or
e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

A TRUE BILL:

_Ink Signature on File with the Clerk's Office_
FOREPERSON

PETER MCNEILLY
United States Attorney

By: _s/ Nicole Cassidy_
Nicole C. Cassidy
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Tel: (303) 454-0100
E-mail: Nicole.Cassidy@usdoj.gov
Attorney for the United States

///
///

EDWARD P. SULLIVAN
Acting Chief, Public Integrity Section
U.S. Department of Justice

By: *s/ Alexandre Dempsey*
Alexandre M. Dempsey
Trial Attorney, Public Integrity Section
1301 New York Ave., N.W., 10th Floor
Washington, D.C. 20530
Tel: (202) 514-1412
Email: Alexandre.Dempsey@usdoj.gov
Attorney for the United States